**In re J.L. STARGEL, d/b/a Reliable Builders and J.L. Stargel Realty Company, Debtor.**

**J.L. STARGEL, d/b/a Reliable Builders and J.L. Stargel Realty Company, Plaintiff,**

**v.**

**Elora Evans STARGEL, Defendant.**

Bankruptcy No. 86–20362G.

Adv. No. 87–0001G.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

March 26, 1987.

Harmon T. Smith, Jr., Gainesville, Ga., for debtor/plaintiff.

George M. Geeslin, Norton, Pennington, Goetz, Cronkright & Prior, Atlanta, Ga., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

The above-styled bankruptcy case came on before this Court on January 9, 1987, (i) on a Complaint for Injunctive Relief brought by J.L. Stargel, the debtor, (ii) on a Notice to sell certain properties specified in a Notice of Sale dated November 19, 1986, and (iii) on an Objection to the proposed

sale of such properties filed by Elora Stargel on December 8, 1986.

The parties stipulated that the exhibits attached to Plaintiff's Complaint for Injunctive Relief, comprised of orders of the Superior Court of Hall County, were true and correct copies of such orders and the same were entered into evidence without objection. It was stipulated, further, that all property in question was titled in the name of plaintiff, J.L. Stargel, prior to and on April 21, 1986, the date the final judgment and decree was entered in the parties' divorce action and on July 21, 1986, the date of filing of plaintiff/debtor's Chapter 11 case.

The issues to be decided by the Court are whether the subject real property, titled in the debtor at the time of filing of his Chapter 11 case on July 21, 1986, was Section 541 property over which this Court has jurisdiction, and if that question is answered in the affirmative, whether the Court should issue an injunction to protect that property.

The evidence shows that prior to the Chapter 11 case filing, these parties were involved in a domestic relations divorce proceeding in the Superior Court of Hall County. The parties entered into a separation agreement dated February 28, 1986, which was approved and made a part of the Final Judgment and Decree of the Superior Court of Hall County entered on April 21, 1986. The Final Judgment and Decree did not by its terms convey or attempt to convey any of debtor's property to defendant. It merely adopted the agreement of the parties. The agreement, on the other hand, contractually provided that title to the subject real property would be granted to defendant. The language of the agreement, however, did not purport to and did not actually convey the subject property to defendant.

On May 13, 1986, the Superior Court of Hall County entered a further order staying and specifically ordering that its April 21, 1986 Judgment, with exceptions not relevant here, would not be a final Judgment until further order of that court. Thereafter debtor filed his Chapter 11 petition on July 11, 1986 before any further order was entered by the Superior Court of Hall County. Thus title to the subject property remained in the debtor and passed into the exclusive jurisdiction of this Court.

After the filing of debtor's Chapter 11 case, the Superior Court of Hall County entered an order on September 16, 1986 providing that its Final Judgment and Decree of April 21, 1986 was a final judgment. Its previous stay of that judgment was accordingly lifted by separate order also dated September 16, 1986.

Thereafter, the defendant, Elora Stargel, filed a motion for contempt in the Superior Court of Hall County seeking to hold debtor in contempt, *inter alia*, for not conveying certain real estate to her pursuant to the separation agreement, incorporated into the final judgment and decree of April 21, 1986. An order was entered by the Superior Court of Hall County on January 7, 1987, following a hearing on the contempt motion ordering that J.L. Stargel convey to Elora Stargel certain property on or before January 16, 1987. This contempt hearing and order thereon prompted the filing of the debtor's Complaint for Injunctive Relief in this Court.

The Court notes that the defendant, Elora Stargel, proceeded with the January 1987 Hall County Superior Court contempt hearing with actual knowledge of debtor's Chapter 11 case. By proceeding with that hearing, the defendant acted in willful disregard and in violation of the automatic stay in effect in this Chapter 11 case. While this Court will not consider sanctions or other impositions for such violation at this time, the entry of this order is without prejudice to the Court's further consideration of such at a future date, particularly if further violations occur.

In order to obtain a preliminary injunction, the moving party must show that; (1) There is substantial likelihood that it will prevail on the merits; (2) It will suffer irreparable harm if it is not granted injunctive relief; (3) The benefits the injunction will provide outweigh the harm it will cause to the nonmoving party; (4) Issuance of the Injunction will not harm the public interest. *Calloway v. Block*, 763 F.2d 1283 (11th Cir.1985).

■ With respect to the first requirement, the Court finds that the debtor has shown substantial likelihood of success on the merits. It is clear that the Superior Court of Hall County entered an order staying its order of April 21, 1986, therefore, eliminating any possibility of transfer of property. Additionally, with the plaintiff being the sole title holder of the property in question up through the date of the Chapter 11 filing, the fact that the agreement provides for transfer of property in the future does not change the fact that that transfer did not occur, and thus, the property in the name of plaintiff remains estate property.

■ With reference to irreparable harm, it is obvious with the removal of a substantial amount of property from the estate, plaintiff would be irreparably harmed by dispossession of a majority of the estate's real estate which would dramatically destroy any attempt to rehabilitate. As to the third requirement, maintaining the status quo will far outweigh any possible resulting harm to the defendant herein. Defendant continues to have a remedy to come before this Court and ask for relief from stay and other remedies which will not be extinguished by granting of a permanent injunction in this case. On the other hand, a substantial number of creditors in the case illustrates that releasing this property would cause plaintiff, as well as the creditors, substantial damage. The Court further finds that no public interest is harmed by maintaining the status quo.

■ With respect to the two parcels of real estate proposed by the debtor to be sold and referred to in the notice of sale dated November 19, 1986, the proposed sale also came on for hearing before this Court on January 9, 1987. The objections filed by Elora Stargel to the sale of the two parcels of real estate are sustained and the proposed sales are denied, without prejudice to a renewal or resubmission of the proposed contracts for sale of property at a later time and date. The sales are denied, and the objections thereto sustained. The Court finds that there is a question as to the extent of the interest of Elora Stargel in the property proposed for sale, and that Elora Stargel may, at least, have an equitable interest in the subject property which should be resolved prior to any sale since she claims a right to the *subject* property.

Based on the foregoing, and under the stipulation of the parties that the Court should further decide this complaint as to a permanent injunction, the Court concludes that a permanent injunction is necessary to protect the debtor and his property and the integrity of the automatic stay. In accordance with the above, it is

ORDERED that a permanent injunction is GRANTED against the defendant, her agents and attorneys, and they are permanently ENJOINED from taking any further action against the plaintiff or the plaintiff's property, including but not limited to attempting to execute or enforce the Order of the Superior Court of Hall County entered on January 7, 1987, without first obtaining written authorization of this Court.

The Court hereby SUSTAINS the objections of Elora Stargel to the Notice of Sale, dated November 19, 1986, proposing the private sale of two tracts of real estate, without prejudice to the debtor's rights to renew his attempt to obtain approval of these other contracts.

IT IS SO ORDERED.